```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

PAUL S. MARKOWITZ,

    Plaintiff,

vs.                                No. 06-2082 Ml/P

CIRCLE K CORP.,

    Defendant.

ORDER CONCERNING THE PARTIES TO THIS ACTION
AND DEFENDANT'S PURPORTED MOTION TO DISMISS

Plaintiff Paul S. Markowitz, a resident of Memphis, Tennessee, filed a _pro se_ civil complaint in the Shelby County Circuit Court on December 27, 2005 against Circle K Corporation ("Circle K"), a foreign corporation authorized to do business in Tennessee. The suit concerns an alleged assault on the plaintiff by a fellow customer of Circle K on December 24, 2004. The summons and complaint were purportedly served on Circle K by leaving a copy with the manager on duty at the local Circle K where the assault occurred. Circle K removed the action to federal court on February 7, 2006, and, on February 8, 2006, filed an answer to the complaint, one section of which is captioned "Motion to Dismiss." Plaintiff filed his response to the purported motion on February 21, 2006.

The first matter to be considered is the identity of the parties to this action. Although the complaint purports to name as

defendants two "John Does" and one "Jane Doe," service of process cannot be made on a fictitious party. Moreover, the filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitations against those parties. See <u>Cox v. Treadway</u>, 75 F.3d 230, 240 (6th Cir. 1996); <u>Bufalino v. Michigan Bell Telephone Co.</u>, 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, to the extent that plaintiff seeks to bring any complaint against any individual or entity other than Circle K, he must identify the defendant and file a new lawsuit, or a motion to amend his complaint in this lawsuit, within the applicable statute of limitations. Accordingly, the only defendant to this action is Circle K.

Second, although the answer purports to incorporate a motion to dismiss, that "motion" does not comply with Local Rule 7.2, which requires an accompanying memorandum of law and proposed order. Accordingly, the docket sheet properly indicates that there are no pending motions in this action.

Finally, although the Court ordinarily does not address the substance of motions until they have properly been filed, it is readily apparent that the service on Circle K was defective. Under Tennessee law, service may be made

> [u]pon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

2

Tenn. R. Civ. P. 4.04(4); <u>see also</u> Fed. R. Civ. P. 4(h)(1) (governing service of process on corporations under federal law).

A Court faced with a motion to dismiss for insufficient service has the option of requiring that proper service be made within a specified period of time. In this case, as previously noted, no such motion is properly pending before this Court. However, the plaintiff is cautioned that it is necessary properly to effect service on the defendant at the earliest possible time. It is not possible to determine from the state-court record submitted by the defendant whether the plaintiff was granted leave to proceed <u>in forma pauperis</u> in state court, which would entitle him to the assistance of the Court and the marshal in effecting service on the defendant. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2); <u>see</u> <u>Byrd v. Stone</u>, 94 F.3d 217, 219 (6th Cir. 1996). If the plaintiff is not indigent, he is responsible for ensuring that the defendant is properly served.

If the plaintiff contends that he is entitled to the assistance of the marshal in effecting service, he shall file a properly completed nonprisoner <u>in forma pauperis</u> affidavit within thirty days of the date of entry of this order. The Clerk shall send a copy of the nonprisoner <u>in forma pauperis</u> affidavit used in this district to the plaintiff along with this order. A copy of the completed affidavit shall be served on counsel for the defendant.

If the plaintiff is not indigent, the plaintiff shall personally appear at the Clerk's office within thirty (30) days of the date of entry of this order and, upon presentation of a copy of

this order, the Clerk shall provide plaintiff one (1) blank, unsigned summons. Pursuant to Fed. R. Civ. P. 4(b), the plaintiff is responsible for properly filling out the summons and presenting it to the Clerk for signature and seal. If the summons is in proper form, the Clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. The plaintiff is responsible for ensuring that service is effected on the defendant pursuant to Fed. R. Civ. P. 4(h)(1).[1] The plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(*l*).

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and the local rules of this Court.

IT IS SO ORDERED this 29th day of March, 2006.

                                          /s/ Jon P. McCalla
                                          JON PHIPPS McCALLA
                                          UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."